Mark A. Costantino, J.
This is an action tried by the court without a jury for specific performance or in the alternative for money damages. The proof establishes that on July 20,1961 defendant, concluded an auction sale of a parcel of real estate, No. 458, owned by the City of New York, to the plaintiff assignor Isidore Lehrer, together with other parcels not part of this action, for the sum of $33,000. That on or about July 28, 1.961 Isidore Lehrer assigned all his rights, title and interest in this particular parcel to plaintiff Portnoy. On or about September 19,1961 plaintiff received notice from the City of New York that her purchase was cancelled in that said parcel was required for a “ public use.”
In reply to the letter dated September 19, 1961, plaintiff, by her attorney, stated on September 20, 1961 by letter in part: ‘1 In addition it seems to us that our client having purchased this property at public auction in an arm’s length transaction, and *383 that if the property subsequently is not used for the proposed public use, if any, that our client should then be in the position to be able to purchase the property on the same terms and conditions as at the public sale of July 20, 1961. We would also appreciate your informing us as to whether it is possible to enter into some arrangement to produce such result which would be equitable under the circumstances.”
A subsequent letter dated November 1, 1961 stated that “ she would be advised of further developments in the matter as they occur.” By check dated May 9, 1962 refund of deposit was delivered, accepted, and cashed by the plaintiff, concededly without notice or indorsement of protest at that time.
Subsequently plaintiff received a brochure notifying her of the intended sale of parcel No. 458 in suit, designated in said brochure as parcel No. 167. By letter dated March 14, 1963 plaintiff requested to be restored to her former position as “ successful purchaser so that he may acquire these properties in which he is still interested.”
Defendant city replied by letter dated March 19, 1963 that since “ no valid protest was made at the time of the receipt of the refund check from the Comptroller paid upon the cancellation of these sales,” they could not withdraw this parcel from the April 4, 1963 auction sale. Defendant City of New York does not dispute any of plaintiff’s proof but does assert as an affirmative defense abandonment of the contract by the plaintiff because of failure to protest when she received the refund check, heretofore referred to.
Upon all of the evidence and the exhibits, most of which consist of correspondence, the court finds that plaintiff has established her case by a fair preponderance of the credible evidence. That the defendant has failed to establish the affirmative defense of abandonment. The court finds that there is no requirement that plaintiff had to protest at the time of receipt of the refund check. Most certainly plaintiff had a right to rely on the city’s letter of cancellation dated September 19, 1961 that the parcel was to be used for a ‘ ‘ public use, ’ ’ and furthermore the letter dated November 1, 1961 advising plaintiff that she would be notified of “ further developments in the matter as they occur.”
Further, the court finds, after reviewing the case of Raia v. City of New York, decided June 3, 1963 by Mr. Justice Crane, Supreme Court, Richmond County, that the cancellation of the sale of this property for remapping and replanning was not within the terms of sale and therefore illegal and invalid, since it was not for a public use. The city having knowledge of Mr. Justice Crane’s determination, and having cancelled its rescis *384 sion as to the other properties heretofore alluded to, should have likewise cancelled the rescission of the sale of this parcel which is the subject of this suit.
The court further finds that the plaintiff acted promptly after receipt of the brochure indicating a resale of the property in Question, which was sufficient notice to the city that plaintiff was not abandoning this property.
Since the property has been sold, specific performance cannot be directed but judgment is directed in favor of the plaintiff against the City of New York for the sum of $47,300 together with interest, which sum is the difference between the sale price to plaintiff’s assignor and subsequent sale at public auction after the alleged cancellation, which the court determines is the plaintiff’s damages.